**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| MAJOR SEAN BARNETT, D.O., | : | Case No. 3:26-cv-00303 |
| Plaintiff, | : | District Judge Thomas M. Rose<br>Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| UNITED STATES AIR FORCE, *et al.*, | : | |
| Defendants. | : | |

## ORDER CONCERNING SERVICE

Plaintiff Barnett recently submitted a Complaint and related documents to the Court. The resulting case has been assigned to District Judge Thomas M. Rose. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

Plaintiff Barnett is proceeding in this case *pro se*, or without the assistance of counsel. He has paid the filing fees and is not proceeding *in forma pauperis*. The matter is currently before the Court on Plaintiff's Motion Requesting Court Assistance with Service of Process Pursuant to Federal Rule of Civil Procedure 4(c)(3). (Doc. No. 3.) Rule 4(c)(3) provides that service of process may be made

> ***By a Marshal or Someone Specially Appointed.*** At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

Here, although Plaintiff cites Rule 4(c)(3), he appears to seek the assistance of the Clerk of Court rather than the United States Marshal Service (which is not mentioned in the Motion or the proposed order attached to it). More specifically, it appears that Plaintiff seeks to serve Defendants using Ohio certified mail service as described in Local Rule 4.2 concerning "Service or Waiver of Process." (*See* Proposed Order, Doc. No. 3-1 at PageID 50.) Plaintiff may do so—consistent with the Rule—without the Court's permission. The Clerk has already issued the Summonses for Plaintiff's use. (*See* Doc. No. 2.) The Motion for assistance with service is **DENIED** as unnecessary. (Doc. No. 3.)

Plaintiff should not delay.[1] At this time, the undersigned expects that service will be accomplished by **November 11, 2026**.

Plaintiff is **ADVISED** that he must promptly notify the Court if his mailing address changes while this case is pending. *See Oesch v. Ohio Dep't of Corr.*, No. 2:19-cv-1758, 2019 WL 2289836, at *1 (S.D. Ohio May 29, 2019) ("Plaintiff has an affirmative duty to notify the Court of any change in address."). He may wish to review the resources for *pro se* parties on the Court's website.[2] He may also find and monitor the

[1] Rule 4(m) provides, in part:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[2] Available at https://www.ohsd.uscourts.gov/pro-se.

status of this case via the federal courts' PACER Case Locator service.[3] Finally, if Plaintiff would prefer to receive documents from the Court by email rather than mail, he may complete and file with the Clerk of Court a "Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System."[4]

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

[3] Available at https://pcl.uscourts.gov/pcl/index.jsf.

[4] Available at https://www.ohsd.uscourts.gov/electronic-case-filing, by choosing "Consent to Electronic Service."